# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RUSTY SAVANICH, on behalf of himself and all other similarly situated persons, ) ) ) ) PLAINTIFFS, ) ) vs. ) ) ) ) NATURAL ESSENTIALS, ) INCORPORATED, ) ) DEFENDANT. ) | CASE NO. 5:20-cv-2088 JUDGE SARA LIOI MEMORANDUM OPINION AND ORDER |

Now before the Court is the parties' "Joint Sealed Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice." (Doc. No. 34 ("Joint Motion"); *see* Doc. No. 35 (Joint Motion (Unsealed)).) The Joint Motion is supported by the "Joint Stipulation of Settlement and Release" (Doc. No. 34-1 ("Settlement")), as well as the Declaration of Chastity L. Christy (Doc. No. 34-2). Because the Court finds that the Settlement represents a fair resolution of plaintiffs' claims, the Joint Motion is granted and the Settlement is approved.

## I. BACKGROUND

Plaintiff Rusty Savanich ("Savanich"), on behalf of himself and similarly situated employees (collectively "plaintiffs"), filed a collective action against defendant Natural Essentials, Incorporated ("Natural Essentials"), alleging Natural Essentials violated the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 *et seq*.) and a Rule 23 class action under the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Laws") (Ohio Rev. Code § 4111 *et seq*.). (Doc. No. 1 (Complaint).)

Natural Essentials is an Ohio corporation with a manufacturing facility located in Aurora, Ohio that manufactures cosmetics and supplies natural ingredients to its customers. (Complaint ¶¶ 7, 13.) Plaintiffs are current and former employees of Natural Essentials and allege that Natural Essentials violated the FLSA and Ohio Wage Laws by failing to pay them for time spent changing into and out of personal protective equipment, getting tools and equipment necessary to perform their manufacturing jobs, and walking to their assigned work stations. (*Id.* ¶¶ 23, 31.) Natural Essentials denies that it violated the FLSA and Ohio Wage Laws and disputes the amount of time plaintiffs allege that they spent engaging in pre- and post-shift work. (*See generally* Doc. No. 7 (Answer).) Natural Essentials also disagrees with plaintiffs on the appropriate limitations period to apply to plaintiffs' claims and whether plaintiffs can recover liquidated damages under the FLSA. (Joint Motion at 6–7[1].)

On November 17, 2020, the parties filed their Joint Stipulation of Conditional Certification and Proposed Notice, in which the parties stipulated to the following class:

> All former and current non-exempt manufacturing employees of Natural Essentials, Incorporated between November 1, 2017 and the present.

(Doc. No. 11.) On November 20, 2020, the Court approved the Joint Stipulation of Conditional Certification and Proposed Notice. (Non-document Order, 11/20/2021.) The notice to all potential class members was issued on November 30, 2020, and the opt-in period closed on December 30, 2020. (Doc. No. 34-2 at 4 ¶ 18.) In addition to Savanich, sixty-three (63) individuals opted into the class. (*Id.*)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system, a citation practice recently adopted by the Court despite different directions in the Initial Standing Order in this case.

2

In order to avoid the burden, expense, and uncertainty of litigation, the parties agreed to discuss early resolution. Between November 2020 and June 2021, the parties engaged in an informal exchange of information, including the production of time and pay data for the opt-in parties and the calculation of potential damages. (*Id*. ¶ 23.) The parties also engaged in extensive legal and settlement discussions. (*Id*. at 5 ¶¶ 24–25.) Ultimately, the parties agreed to participate in a mediation. On October 21, 2021, at the conclusion of a mediation session before Magistrate Judge Carmen E. Henderson, the parties reached a settlement. (*Id*. ¶ 26.) On November 3, 2021, the parties filed the present Joint Motion.

II. **APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov*., No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc*., 679 F.2d at 1533. The second exception, applicable here, encompasses

instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id.*

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The Joint Motion confirms the same. As set forth above, the parties disagree as to whether plaintiffs were properly compensated for any and all time spent

performing pre- and post-shift work. The parties further disagree as to the appropriate limitations period that applied to plaintiffs' claims and whether plaintiffs were entitled to liquidated damages. (Joint Motion at 6–7.)

Having reviewed the terms of the Settlement, the Court finds that the Settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the Settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion.

With respect to the monetary awards to plaintiffs, the Settlement provides that plaintiffs will receive individual payments calculated proportionally on each class member's alleged overtime damages during the relevant period and represent compensation for 100% of each member's overtime work and 100% of liquidated damages for the same during the relevant statutory period for 10 minutes of unpaid pre-shift work. (Doc. No. 34-2 at 6 ¶ 34.) The individual payments are provided as Appendix 1 to the Settlement. (Doc. No. 34-1 at 9–10.) The Court agrees with the parties that the anticipated individual settlement payments represent an excellent result. Moreover, the Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement is a fair and adequate compromise of the disputed claims and in the best interest of the plaintiffs. (Doc. No. 34-2 at 7 ¶ 37.)

As for the award of attorney fees and costs to plaintiffs' counsel, the Court finds that the award, which is supported by a declaration of counsel, is reasonable, taking into consideration the fact that a settlement was reached early in the litigation and the successful outcome provides substantial relief to plaintiffs. (*See id.* at 7 ¶¶ 38, 40–43.) Moreover, the Court notes that the

attorneys' fee award amount aligns with the amounts awarded in other FLSA collective action cases in the Northern District of Ohio. *See White v. Premier Pallet & Recycling, Inc.,* No. 5:18-cv-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018).

In addition, the Settlement provides for a service award to plaintiffs' representative, Savanich. Such awards are not uncommon, and "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillsworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000)). Plaintiff Savanich played an active role in assisting plaintiffs' counsel. (Doc. No. 34-2 at 7 ¶ 36.) As such, the Court approves the modest service award set forth in the Settlement to the representative plaintiff in recognition of his service in this action.

### IV. CONCLUSION

For all of the foregoing reasons, the Court approves the Settlement. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement. The claims in plaintiffs' complaint are dismissed with prejudice, and this case is closed. The Court shall retain jurisdiction to enforce the parties' Settlement.

**IT IS SO ORDERED**.

Dated: November 19, 2021

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**